IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Pedro Orozco (##K-58570), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 1938 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| Thomas Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied as incomplete. If Plaintiff wishes to pursue this litigation, by __6-1-18__, 2018, Plaintiff must: either (a) submit a completed *in forma pauperis* application that complies with the instructions below, or (b) pre-pay the full $400.00 statutory filing fee. If Plaintiff fails to comply with the foregoing instructions, this case will be dismissed. The Clerk is directed to send Plaintiff a copy of this order and an application for leave to proceed *in forma pauperis*. Review of Plaintiff's complaint is deferred, pending resolution of the filing fee issue.

## STATEMENT

Plaintiff Pedro Orozco, presently in state custody at Lawrence Correctional Center, brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging Defendants failed to protect him from a fellow prisoner on January 9, 2017, at the Cook County Jail. Before the Court is Plaintiff's application for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner is not able to prepay the fee, he or she may seek leave to proceed *in forma pauperis* to pay the fee over time through monthly trust fund account deductions. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The Court uses the information within the trust fund account statement to calculate and assess "an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account." 28 U.S.C. § 1915(b)(1). After payment of that fee, the prisoner must "make monthly payments of 20 percent of the preceding month's income credited to [his] account," which is forwarded by the

agency having custody of the prisoner each time the account balance exceeds $10. 28 U.S.C. § 1915(b)(2). The filing fees incurred pursuant to the PLRA are cumulative, such that 20% of a prisoner's income is to be paid toward *each* filing fee with an open balance simultaneously. *Bruce v. Samuels*, 136 S. Ct. 627, 631 (2016) ("Just as § 1915(b)(1) calls for assessment of "*an initial partial filing fee*" each time a prisoner 'brings *a* civil action or files *an* appeal' (emphasis added), so its allied provision, § 1915(b)(2), triggered immediately after, calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued.").

Plaintiff seeks leave to proceed without prepayment of the filing fee, *i.e.*, leave to proceed *in forma pauperis*, but his application is incomplete. As explained above, to facilitate calculation of an initial partial filing fee, Plaintiff was required to provide a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period *immediately preceding the filing of the complaint* . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Plaintiff's complaint and application arrived in an envelope postmarked March 16, 2018; the trust fund account statement, however, is undated, and the corresponding trust fund account statement is dated February 6, 2018. The statement was at least six weeks' out of date by the time it was received by the Court. Additionally, the certification by the jail official is dated February 6, 2018. The Court therefore lacks certified trust fund account information for a significant portion of the six-month period immediately preceding Plaintiff's submission of this lawsuit (approximately September 16, 2017, through March 16, 2018) and cannot calculate Plaintiff's initial partial filing fee as contemplated by the PLRA.

Next, although Plaintiff was addressing an incorrect period, the financial disclosures provided by Plaintiff appear to be inaccurate and incomplete when compared with the attached trust fund account statement. In response to question requiring Plaintiff to indicate his income for the preceding twelve months, Plaintiff indicated that he had received "about $600.00" Plaintiff also indicated the amount ans source of his income was "unknown." (Dkt. 3, pg. 1.) This appears to be incorrect when compared with Plaintiff's attached (stale) trust fund account statement, which indicates that, between, August 28, 2017, and February 6, 2018, Plaintiff received gifts of approximately $142.17 per month. (Dkt. 3, p. 4.) The statement also appears to indicate that Plaintiff spent $940.11 from his account on items from the commissary during the relevant time period. Plaintiff, in signing his application, certified that the statements made were true and correct and that he believed them to be true (*Id.* at 2.) Rule 11 provides that by signing a pleading or motion, a party represents to the Court that his claims are warranted by existing law and that factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Known false or unfounded statements in a pleading or motion may subject Plaintiff to sanctions, including monetary sanctions and dismissal of a lawsuit. Plaintiff is admonished that he must disclose all income in the appropriate place on the form (i.e., as employment income, gifts, from other sources, etc.) and accurately disclose the amount, or risk dismissal of this suit.

Thus, Plaintiff's application for leave to proceed *in forma pauperis* is denied without prejudice. If, after considering the provisions of the PLRA, Plaintiff still seeks to proceed with

this lawsuit without prepayment of the entire $400 statutory filing fee, he must submit a renewed signed and completed application for leave to proceed *in forma pauperis* using the Court's form. It must be accompanied by a trust fund account statement for the correct period—approximately, September 16, 2017, through March 16, 2018. Alternatively, Plaintiff may pay the full statutory filing fee of $400.00.

The Clerk is directed to send Plaintiff a blank application to proceed *in forma pauperis* and a copy of this order. If Plaintiff does not pay the full filing fee or file a properly supported renewed application for leave to proceed *in forma pauperis* by the date specified above, the Court will summarily dismiss this case.

Date: 4-20-18      /s/ [signature]

3