IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Pedro Orozco (##K-58570), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 1938 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| Thomas Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff was ordered to submit a properly completed and certified application to proceed *in forma pauperis* and he has complied. Plaintiff's amended application for leave to proceed *in forma pauperis* [7] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $28.98 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. However, Defendants Tom Dart, Wells, Jackson, and D'Leo are dismissed. The Court directs the Clerk of Court to (1) send a copy of this order to the supervisor of the inmate trust fund accounts at Lawrence Correctional Center; (2) file Plaintiff's complaint [1]; (3) issue summonses for service of the complaint on Defendants Hession and Williamson, by the U.S. Marshal; and (4) send Plaintiff two blank USM-285 (Marshals service) forms, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff must complete and return the USM-285 forms for service on Defendants. Failure to return the USM-285's by 7-16, 2018, may result in dismissal of any unserved Defendant, as well as dismissal of this case in its entirety. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court appoints the U.S. Marshal to serve Defendants.

## STATEMENT

Plaintiff Pedro Orozco, a prisoner in state custody at Lawrence Correctional Center, brings this pro se civil rights action under 42 U.S.C. § 1983 concerning an alleged failure to protect from a fellow detainee by correctional officers on January 11, 2017, at the Cook County Jail. Plaintiff names as Defendants Correctional Officers Wells, D'Leo, and Jackson, Correctional Sergeants Hession and Williamson, and Cook County Sheriff Tom Dart. Before the Court are Plaintiff's amended application for leave to proceed *in forma pauperis* and complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff was ordered to submit an amended application to proceed *in forma pauperis* that is complete and properly certified and he has complied. Plaintiff's amended application for leave

to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $28.98 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

The Court next considers Plaintiff's complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must include enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Id.* When screening a pro se plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on January 9, 2017, he was housed in Division 10. (Dkt 1, p. 4.) Plaintiff alleges that he had a verbal altercation with a fellow detainee, Andrew Smith, who threatened him with violence. (*Id.*) Plaintiff alleges, without saying more, that he spoke to Defendant Wells. (*Id.*) Plaintiff alleges that Detainee Smith ran to the "bubble" and refused to leave until a sergeant was called. (*Id.*) Plaintiff alleges that Defendants Hessian and Williamson (both sergeants) came over, along with Defendant Jackson. (*Id.*) Plaintiff alleges Hession, Williamson, and Jackson escorted Smith back to his cell. (*Id.*) Plaintiff specifically pleads that he spoke to Defendants Hession and Williamson, and told them he was in fear for his safety, needed to be transferred from the wing, and that they assured him he would be safe. (*Id.*) On January 11, 2017, Plaintiff alleges that he entered the dayroom and was attacked by Detainee Smith and another detainee, was stabbed several times, and beaten for over fifteen minutes. (*Id.*) Plaintiff was taken to Cermak Hospital for treatment for his injuries. (*Id.*)

Accepting Plaintiff's factual allegations as true as it must, the Court finds that the complaint arguably states a claim for deliberate indifference to a substantial risk of serious harm

against Defendants Hession and Williamson. "A prison official," therefore, "is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837). An inmate must establish: (1) that he was "incarcerated under conditions posing a substantial risk of serious harm," *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012), and (2) that a jail official "ha[d] actual, and not merely constructive, knowledge of the risk . . . [i.e., that he was] 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] also dr[e]w that inference.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Plaintiff alleges he specifically told Defendants Hession and Williamson that he feared for his safety at the hands of Detainee Smith, they did nothing, and then he was attacked, two days later. Consequently, Defendants Hession and Williamson must respond to Plaintiff's complaint.

However, with regard to Defendants Wells, Jackson, and D'Leo, Plaintiff has made only vague allegations that they were present, or that he spoke to them, without pleading sufficient facts to state a plausible claim. As such, the complaint does not comport with the federal-notice pleading requirements as to Defendants Wells, Jackson, and D'Leo. Specifically, and as discussed above, Rule 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." That short and plain statement must contain sufficient facts that "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations also "must be enough to raise a right to relief that it above the speculative level." *Id.* Threadbare labels and conclusions are insufficient to satisfy Rule 8. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiff's vague allegations that "I spoke to Officer Wells," and that Jackson came over and escorted Detainee Smith back to his cell fail to state a plausible claim for failure to protect. With regard to Defendant D'Leo, while he is mentioned in the caption of the complaint, Plaintiff does not mention him in the body of the complaint, thus he can have no notice of any claim against him. Plaintiff cannot establish a right to relief against a defendant by simply listing his name in the caption of the complaint. *See, e.g., Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given to *pro se* complaints.") Thus, Defendants Wells, Jackson, and D'Leo are dismissed without prejudice.

Plaintiff has also failed to state a claim against Defendant Dart, and he is dismissed. While Sheriff Dart, like Defendant D'Leo, is named in the caption, the body of the complaint does not contain any allegations directed at him. In any event, to the extent that Plaintiff sued Sheriff Dart based on his supervisory role at the Jail, there is no respondeat superior (*i.e.*, supervisory) liability under § 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Moreover, § 1983 creates a cause of action based on personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). There is no basis to infer that Sheriff Dart had any involvement in the alleged excessive force, and he is dismissed as a Defendant.

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants Hession and Williamson (hereinafter, "Defendants"). The Clerk of Court is directed to mail Plaintiff two blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant. The U.S. Marshal will not attempt service on Defendants unless and until the required forms are received. Plaintiff therefore must complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendants. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by Plaintiff, Cook County officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility. Failure to do so may lead to dismissal of this action for want of prosecution.

Date: 6-25-18        /s/ *Charles Norgle*

4